UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

          v.                        CASE NO. 8:02-CR-482-T-27EAJ

GUILLERMO PEREZ-ALZATE,
a/k/a Pablo Sevillano,
a/k/a Don Pablo, a/k/a Don P,
aka Guillermo Naranjo

## NOTICE OF MAXIMUM PENALTY, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS

## ELEMENTS

The essential elements for violations of Title 21, United States Code, Sections 952(a) and 963 as charged in Count One of the Indictment are as follows:

<u>First</u>:      That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;

<u>Second</u>:   That the defendant knowingly and willfully joined in the conspiracy on one or more occasions.

The essential elements for violations of Title 21, United States Code, Sections 959 and 963 as charged in Count Two of the Indictment, are as follows:

<u>First</u>:      That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;

<u>Second</u>:   That the defendant knowingly and willfully joined in the conspiracy on one or more occasions.

Further, under Apprendi v. New Jersey, 530 U.S. 466 (2000), in order for a maximum sentence of life to be applicable to Counts One and Two, the United States must prove, beyond a reasonable doubt, that the offenses alleged in those counts involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine.

## PENALTIES

The offenses charged in Counts One and Two of the Indictment involve more than five (5) kilograms of cocaine, and, accordingly, carry a minimum mandatory sentence of ten (10) years and a maximum penalty of life, a fine of up to four (4) million dollars, a term of supervised release of at least five (5) years and a special assessment of one hundred dollars, for each Count, said special assessment to be due at the time of sentencing.

## FACTUAL BASIS

Throughout the time period alleged, the defendant agreed with his co-defendants and other co-conspirators to manufacture and distribute more than five kilograms of cocaine in Colombia and utilized commercial fishing and go-fast vessels to transport cocaine from the west coast of Colombia to Central America and elsewhere for ultimate importation and distribution in the United States.

Throughout the 1990s, continuing up to and including December 12, 2002, the defendant was a member of a drug trafficking organization responsible for the importation of tons of cocaine into the United States. During a portion of that time period the defendant served as Commander of the Southern Bloc for the paramilitary

organization, Autodefensas Unidas de Colombia (AUC), specifically in the Department of Narino, Colombia. In that capacity, the defendant conspired with other co-conspirators who established and maintained drug manufacturing locations and transportation routes in the Department of Narino, located in southwest Colombia. The defendant taxed and sanctioned the cocaine processing laboratories in the interior areas of the Department of Narino for the AUC. These laboratories either produced cocaine for the AUC or were required to pay a "tax" to the AUC for protection from Colombian law enforcement and military, guerrilla forces such as the Fuerzas Armas Revelucionares de Colombia (FARC) or competing narcotics traffickers. The defendant imposed and enforced the collection of the "tax". Failure of non-AUC affiliated laboratories to pay the "tax" would result in the seizure of the cocaine or destruction of the laboratory. Cocaine produced from the laboratories would be transported to the west coast of Colombia under the protection of the AUC where maritime smuggling conveyances such as commercial fishing vessels and/or go-fast vessels would transport the cocaine to Central America for ultimate importation into the United States.

In the course of the investigation, cooperating witnesses with first-hand knowledge (each of whom has provided information that has been independently verified) have described these drug-trafficking operations. These cooperating witnesses had specific conversations and transactions with the defendant and his co-conspirators in which they discussed collection of the "taxes" and safe passage of the cocaine to the launch sites. During the time period set forth in the Indictment, thousands of kilograms of cocaine were smuggled through the Department of Narino to the United States, including the Middle District of Florida.

This investigation has resulted in the seizure of thousands of kilograms of cocaine traceable to the conspiracy in which defendant participated, including specifically, the seizure by the Colombian Navy in September 2002, of 2,136 kilograms of cocaine destined for the United States. Intercepted telephone conversations involving defendant prior to and subsequent to the seizure of that cocaine establish that he was responsible for this shipment. In December 2002, the Colombian National Police raided a laboratory in the Department of Narino capable of producing 10 tons of cocaine a month. Cooperating witnesses have confirmed that the defendant and members of the charged conspiracy controlled the operations of this laboratory which produced cocaine destined for the United States. At the time of the raid, Colombian authorities seized five kilograms of cocaine from the laboratory, weapons and AUC uniforms.

The investigation also has yielded documentary and physical evidence. Documents obtained during the investigation contain information related to the defendant, corroborate the accounts of the cooperating witnesses, and document the criminal association between the defendant and his co-conspirators in the charged offense.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

By: /s/Joseph K. Ruddy
JOSEPH K. RUDDY
Assistant United States Attorney
USA No. 037
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
Telephone:  (813) 274-6338
Facsimile:  (813) 274-6125
Email:  joseph.ruddy@usdoj.gov

U.S. v. GUILLERMO PEREZ-ALZATE            Case No. 8:02-CR-482-T-27EAJ

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Dennis Urbano, Esq.

*/s/Joseph K. Ruddy*
JOSEPH K. RUDDY
Assistant United States Attorney